# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DeAngelo Jones,

                Petitioner,    Case No. 16-cv-13551

v.                                     Judith E. Levy
                                     United States District Judge

Jeffrey Woods,

                                     Mag. Judge David R. Grand

                Respondent.

_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

DeAngelo T. Jones, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction of assault with intent to rob while armed, Mich. Comp. Laws § 750.89.

Because the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A), the matter is transferred to the Sixth Circuit Court of Appeals so that Petitioner may seek permission to proceed.

I.  Background

Petitioner was originally charged with first-degree felony murder and assault with intent to rob while armed. Petitioner and co-defendant Larry Hughes were tried jointly before a jury in the Detroit Recorder's Court.[1] Petitioner and Hughes were found not guilty of first-degree felony murder but were found guilty of assault with intent to rob while armed. A third co-defendant, Steven Cory Cojocar, was tried separately and convicted of first-degree felony murder, assault with intent to rob while armed, and felony-firearm. A fourth defendant, Chris Branscum, was acquitted of all charges at a separate trial.

After exhausting his state court remedies, petitioner filed a petition for writ of habeas corpus, which was denied on the merits. *Jones v. Renico,* No. 03-CV-73246-DT (E.D. Mich. Apr. 22, 2004), *aff'd* No. 04-1615 (6th Cir. Aug. 5, 2005); *cert. den. sub. nom. Jones v. Michigan,* 547 U.S. 1006 (2006); *rehearing den.* 547 U.S. 1144 (2006).

---

[1] In 1996, subsequent to petitioner's trial, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n.1 (E.D. Mich. 2003) (citing *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).

Petitioner has since been denied permission to file a second petition for writ of habeas corpus by the Sixth Circuit. *In re Jones,* No. 11-2096 (6th Cir. June 28, 2012).

Petitioner now seeks a writ of habeas corpus on the following ground:

> Petitioner Jones' [*sic*] was denied his Sixth Amendment right to counsel and his Sixth Amendment right to cross-examination, specifically where trial counsel was absent during jury deliberations where one of the jurors visited the crime scene becoming an unsworn witness against Petitioner Jones, and trial counsel was absent at this critical stage and at the return of the verdict, thus denying Petitioner Jones his 6th Amendment rights guaranteed by the Fourteenth Amendment Constitution.

(Dkt. 1 at 12.)

## II. Analysis

Petitioner already filed a prior petition for a writ of habeas corpus challenging his conviction for assault with intent to rob while armed.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998).

This screening function is performed by the Courts of Appeal. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), this Court does not have jurisdiction to consider Petitioner's successive petition without an order from the Sixth Circuit authorizing such successive petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

When, as here, a habeas petitioner files a second or successive petition for habeas corpus without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district

4

court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner acknowledges that he previously sought habeas relief and raised his claim in his first habeas petition. Petitioner, however, argues that his current habeas petition is not a successive habeas petition within the meaning of 28 U.S.C. § 2244(b) because the court did not deny the claim on the merits but procedurally defaulted the claim because petitioner failed to properly exhaust the claim and no longer had any state court remedies with which to exhaust his claim. *See Jones v. Renico,* No. 03-CV-73246, Slip. Op. at * 9-14. Petitioner claims that he has now properly exhausted his claim in a motion for new trial in the state court and argues that his claim is only now ripe for consideration. Petitioner's argument is without merit. Judge O'Meara's dismissal of Petitioner's claim for unexcused procedural default, based on his failure to properly exhaust his claim, as well as the absence of any further state court remedies to properly exhaust it, would be considered a ruling on the merits for purposes of Section 2244(b)(3). *In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust

state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b). Petitioner has previously filed a habeas petition with the federal courts challenging his conviction out in Detroit Recorder's Court, which was denied on the merits. Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

6

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus (Dkt. 1) is DENIED without prejudice, for want of jurisdiction.

The Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

Dated: November 1, 2016          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2016.

                                 s/Felicia M. Moses
                                 FELICIA M. MOSES
                                 Case Manager